k2e2VasP  kjc

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,              New York, N.Y.

          v.                           S1 19 Cr. 91(DLC)

PERCY ARTURO VASQUEZ DREW,

              Defendant.

------------------------------x        Plea

                                       February 14, 2020
                                       3:50 p.m.


Before:

                 HON. DENISE L. COTE,

                                       District Judge



                      APPEARANCES

GEOFFREY S. BERMAN
     United States Attorney for the
     Southern District of New York
BY:  MATTHEW HELLMAN
     SAMUEL ADELSBERG
     Assistant United States Attorneys


SABRINA P. SHROFF
     Attorney for Defendant



ALSO PRESENT:

ROSSANA TESTINO-BURKE

ALEXANDER WELLS, Intern, USAO
```

1             (Case called)

2             THE DEPUTY CLERK:  Is the government ready to proceed?

3             MR. HELLMAN:  Yes.  Matthew Hellman and Sam Adelsberg

4    for the United States, and we are joined at counsel table by

5    Alexander Wells, an intern with the U.S. Attorney's office.

6             THE DEPUTY CLERK:  Thank you.  Please be seated.

7             For the defendant Vasquez Drew, are you ready to

8    proceed?

9             MS. SHROFF:  We are.  Good afternoon, your Honor.  On

10   behalf of Mr. Percy Vaszuez Drew, seated to my right, Sabrina

11   Shroff.

12            THE COURT:  Good afternoon.  We are assisted this

13   afternoon by an interpreter who is certified to interpret

14   between Spanish and English.  Mr. Vasquez, if you have any

15   difficulty understanding what is being said through the

16   interpreter, will you please let me know immediately?

17            THE DEFENDANT:  I haven't.

18            THE COURT:  Right.  My question is a little different.

19   My question is, from this point going forward, if you have any

20   difficulty understanding what is being said through the

21   interpreter, will you please let me know immediately that you

22   are having such difficulty?

23            THE DEFENDANT:  Yes, your Honor.

24            THE COURT:  Thank you so much.

25            I will take a report from the government.

1             MR. HELLMAN:  Thank you, your Honor.  The government
2    has extended a plea agreement which it understands Mr. Vasquez
3    Drew is prepared to accept, and the parties request that your
4    Honor conduct a change of plea hearing today.
5             THE COURT:  Thank you.
6             And this is a plea for a plea of guilty to Count One?
7             MR. HELLMAN:  Yes.
8             THE COURT:  Thank you very much.
9             Mr. Vasquez, if you could please stand.
10            Before accepting your plea, I'm going to ask you
11   certain questions to establish to my satisfaction that you are
12   pleading guilty because you are guilty and not for some other
13   reason.  If at any time you do not understand my questions or
14   if you wish for further opportunity to consult with your
15   lawyer, will you let me know?
16            THE DEFENDANT:  Yes, your Honor.
17            THE COURT:  Please place the defendant under oath.
18            (Defendant sworn)
19            THE COURT:  Thank you.  You are now under oath, and if
20   you answer any of my questions falsely, you can be prosecuted
21   for perjury.
22            Do you understand that?
23            THE DEFENDANT:  Yes, your Honor.
24            THE COURT:  What is your full name?
25            THE DEFENDANT:  My name is Percy Arturo Vasquez Drew,

1   and I am from Bolivia.
2               THE COURT:  Thank you.
3               How old are you?
4               THE DEFENDANT:  40 years old.
5               THE COURT:  How far did you go in school?
6               THE DEFENDANT:  Secondary school.
7               THE COURT:  Have you ever been treated or hospitalized
8   for any mental illness?
9               THE DEFENDANT:  No, your Honor.
10              THE COURT:  Are you currently under the care of a
11  doctor or a psychiatrist?
12              THE DEFENDANT:  No, your Honor.
13              THE COURT:  In the past 24 hours, have you taken any
14  drugs or medicine or pills?
15              THE DEFENDANT:  No, your Honor.
16              THE COURT:  Do you understand what is happening in
17  this proceeding?
18              THE DEFENDANT:  Yes, your Honor.
19              THE COURT:  Do any counsel have doubt as to the
20  defendant's competence?
21              MR. HELLMAN:  No.
22              MS. SHROFF:  No, your Honor.
23              THE COURT:  Based on my observations of the defendant,
24  his demeanor, and his responses to my questions, I find he is
25  competent to enter a plea of guilty.

1        Mr. Vasquez, have you had a sufficient opportunity to
2   discuss your case with your lawyer?
3        THE DEFENDANT:  Yes, your Honor.
4        THE COURT:  Have you had enough time to discuss with
5   her the charge to which you will be pleading guilty, any
6   defenses you have to that charge, and the consequences to you
7   of entering a plea of guilty?
8        THE DEFENDANT:  Yes, your Honor.
9        THE COURT:  Are you satisfied with the representation
10  your attorney has given you?
11       THE DEFENDANT:  Yes, your Honor.
12       THE COURT:  I am now going to explain certain
13  constitutional rights that you have.  You will be giving up
14  these rights if you enter a plea of guilty.
15       Under the Constitution and laws of the United States,
16  you are entitled to a speedy and public trial by a jury on the
17  charges contained in the indictment that's been filed against
18  you.
19       Do you understand that?
20       THE DEFENDANT:  Yes, your Honor.
21       THE COURT:  At that trial, you would be presumed to be
22  innocent and the government would be required to prove you
23  guilty by competent evidence and beyond a reasonable doubt
24  before you could be found guilty.  You would not have to prove
25  that you were innocent, and a jury of 12 people would have to

1     agree unanimously that you were guilty.

2               Do you understand that?

3               THE DEFENDANT: Yes, your Honor.

4               THE COURT: At that trial and at every stage of your

5     case, you would be entitled to be represented by a lawyer, and

6     if you could not afford one, one would be appointed to

7     represent you.

8               Do you understand that?

9               THE DEFENDANT: Yes, I do, your Honor.

10              THE COURT: During a trial, the witnesses for the

11    government would have to come to court and testify in your

12    presence, and your lawyer could cross-examine the witnesses for

13    the government, object to evidence offered by the government

14    and, if you desired, issued subpoenas, offer evidence, and

15    compel witnesses to come to court and testify on your behalf.

16              Do you understand that?

17              THE DEFENDANT: Yes, your Honor.

18              THE COURT: At a trial, although you would have the

19    right to testify if you chose to do so, you would also have the

20    right not to testify and no inference or suggestion of guilt

21    could be drawn from the fact that you did not testify if that

22    is what you chose to do.

23              Do you understand that?

24              THE DEFENDANT: Yes, your Honor.

25              THE COURT: Do you understand that if you were

1    convicted at a trial, that you would have the right to appeal

2    from that verdict?

3             Do you understand that?

4             THE DEFENDANT:  Yes, your Honor.

5             THE COURT:  Even at this time right now, even as you

6    are entering this plea, you have the right to change your mind

7    and plead not guilty and go to trial.

8             Do you understand that?

9             THE DEFENDANT:  Yes, your Honor.

10            THE COURT:  If you plead guilty and I accept your

11   plea, you are going to give up your right to a trial and all of

12   the other rights that I have just described.  There will be no

13   trial, and I will enter a judgment of guilty and sentence you

14   based on this plea after I read whatever submissions I get from

15   you and your lawyer and the government's lawyer and after I

16   read a presentence report prepared by the probation department.

17            Do you understand that?

18            THE DEFENDANT:  Yes, your Honor.

19            THE COURT:  If you plead guilty, you are also going to

20   give up your right not to incriminate yourself because I'm

21   going to ask you today what you did and you are going to have

22   to describe your conduct to me.

23            Do you understand that?

24            THE DEFENDANT:  Yes, your Honor.

25            THE COURT:  Now let me make sure you understand what

1  you are charged with in Count One.

2  Count One charges you with knowingly and willingly
3  agreeing to participate in a conspiracy.  A conspiracy at its
4  heart is an agreement by two or more people to violate the law.
5  Count One charges that there was a conspiracy that existed from
6  on or about June 2017 up until the date of the filing of this
7  indictment.

8  When was the indictment filed, Mr. Hellman.

9  MR. HELLMAN:  February 12, 2019.

10  THE COURT:  Thank you.

11  It charges that the goal of the conspiracy was to
12  distribute five kilograms or more of cocaine, bringing them
13  with the understanding that they would be brought into the
14  United States, that is, unlawfully imported into the United
15  States or into the waters around the United States, that is,
16  within a distance of 12 miles of the coast of the United
17  States.

18  Do you understand that's the charge against you in
19  Count One?

20  THE DEFENDANT:  Yes, your Honor.

21  THE COURT:  Let me describe the penalties that apply.

22  This carries a maximum term of imprisonment of life, a
23  mandatory minimum term of imprisonment of ten years, a maximum
24  term of supervised release of life, a mandatory minimum term of
25  five years' supervised release, a requirement that you pay a

1  special assessment of $100, and it's possible that I may impose
2  a fine of up to $10 million.
3      Do you understand that?
4      THE DEFENDANT: Yes, your Honor.
5      THE COURT: Now, "supervised release" means that you
6  would be subject to monitoring when released from prison.
7  There are terms of supervised release with which you must
8  comply, and if you do not comply with them, you can be returned
9  to prison without a jury trial. You would be given no credit
10 for time you already spent in prison and no credit for time
11 spent on post-release supervision.
12     Do you understand that?
13     THE DEFENDANT: Yes, your Honor.
14     THE COURT: Now, I understand you are a citizen of the
15 country of Bolivia, is that right?
16     THE DEFENDANT: Yes, your Honor.
17     THE COURT: You understand that as a result of this
18 conviction, the government will in all likelihood deport you
19 following the term of imprisonment that would be imposed? Do
20 you understand that.
21     THE DEFENDANT: Yes, your Honor.
22     THE COURT: Now, do you understand that if your
23 attorney or anyone else has attempted to predict to you what
24 your sentence will be, that their prediction could be wrong?
25     Do you understand that?

1       THE DEFENDANT:  Yes, your Honor.

2       THE COURT:  No one -- not your lawyer, not the
3  government's lawyer, no one -- can give you any assurance of
4  what your sentence will be, because I'm going to decide that
5  sentence, but I'm not going to do it now.  I'm going to wait
6  until I get a presentence report prepared by the probation
7  department, do my own independent calculation of the sentencing
8  guidelines range, decide whether I should depart up or down
9  from that range, look at all the other information provided to
10 me, consider the factors set forth in the section of the law we
11 call Section 3553(a), and only then, after that whole process,
12 will I decide what a reasonable sentence is for you.

13      Do you understand that?

14      THE DEFENDANT:  Yes, your Honor.

15      THE COURT:  Even if your sentence is different from
16 what your attorney or anyone else has told you it might be,
17 even if it's different from what's calculated in a written plea
18 agreement you have with the government, you are still going to
19 be bound by your plea of guilty and cannot withdraw your plea
20 of guilty.

21      Do you understand that?

22      THE DEFENDANT:  Yes, your Honor.

23      THE COURT:  Now, has anyone threatened you or anyone
24 else or forced you in any way to plead guilty?

25      THE DEFENDANT:  No, your Honor.

k2e2VasP                kjc

|   |   |
|---|---|
| 1 | THE COURT:  Now, I understand there is a plea |
| 2 | agreement between you and the government.  Do you have a copy |
| 3 | in front of you? |
| 4 | THE DEFENDANT:  Yes, your Honor. |
| 5 | THE COURT:  And does it have the date January 30 on |
| 6 | the first page? |
| 7 | THE DEFENDANT:  Yes, your Honor. |
| 8 | THE COURT:  Does it have six pages in all? |
| 9 | THE DEFENDANT:  Yes, your Honor. |
| 10 | THE COURT:  Is your signature on that last page? |
| 11 | THE DEFENDANT:  Yes, your Honor. |
| 12 | THE COURT:  What's the date next to your signature? |
| 13 | THE DEFENDANT:  February 14, 2020. |
| 14 | THE COURT:  That's today.  Did you sign this today? |
| 15 | THE DEFENDANT:  Yes, your Honor. |
| 16 | THE COURT:  Did you -- well, let me start again. |
| 17 | Did someone translate this document to you before you |
| 18 | signed it? |
| 19 | THE DEFENDANT:  My attorney, your Honor. |
| 20 | THE COURT:  Ms. Shroff, do you speak Spanish. |
| 21 | MS. SHROFF:  I do not speak Spanish fluently, your |
| 22 | Honor, but if I may answer the court's question to Mr. Vasquez? |
| 23 | May I? |
| 24 | THE COURT:  Sure. |
| 25 | MS. SHROFF:  I think Mr. Vasquez meant to say -- and |

1   he can correct me -- that I went to see him with this plea
2   agreement with an interpreter, Alex Weiger (phonetic), and used
3   his services for the translation.
4           THE COURT:  Well, that's just fine.  So let me ask you
5   again, Mr. Vasquez, was this document translated to you?
6           THE DEFENDANT:  Yes, your Honor.
7           THE COURT:  Okay, good.  And then you discussed it
8   with your lawyer after that?
9           THE DEFENDANT:  Yes, your Honor.
10          THE COURT:  Now, when you signed this document, did
11  you think you had a good understanding of its terms?
12          THE DEFENDANT:  Yes, your Honor.
13          THE COURT:  In this document, you and the government
14  calculate that your sentencing guidelines range is 135 to 168
15  months in prison.
16          Do you understand that?
17          THE DEFENDANT:  Yes, your Honor.
18          THE COURT:  And do you understand that, by signing
19  this agreement, you have given up your right to appeal or
20  challenge or litigate your sentence so long as you don't
21  receive a sentence higher than 168 months in prison?
22          Do you understand that?
23          THE DEFENDANT:  Yes, your Honor.
24          THE COURT:  Now, do you have any agreement with the
25  government about your plea or about your sentence that has been

1    left out of this document?
2             THE DEFENDANT:  Yes, your Honor.
3             THE COURT:  And what is that?  So let me place the
4    question to you again since you are pausing.
5             We were just talking about the document that you
6    signed today which has in it various agreements you have
7    reached with the government.  I want to know whether you have
8    some agreement with the government about your plea or about
9    your sentence that has been left out of this document.
10            THE DEFENDANT:  Everything is here.
11            THE COURT:  Okay.  And so you have no other agreement
12   with the government?
13            THE DEFENDANT:  No, your Honor.
14            THE COURT:  Thank you.
15            So please tell me in your own words what you did that
16   makes you believe you are guilty of the crime with which you
17   are charged.
18            THE DEFENDANT:  I am guilty of agreeing with two
19   people and introducing them to each other to send five
20   kilograms or more to the United States, knowing that it was
21   illegal.
22            THE COURT:  And five kilograms or more of what
23   substance?
24            THE DEFENDANT:  Cocaine.
25            THE COURT:  And when were you engaged in that

k2e2VasP kjc

1 activity?

2 THE DEFENDANT: In 2018. We started in 2017, and it
3 was sent on 2018.

4 THE COURT: Does the government agree there is a
5 sufficient factual predicate for a plea?

6 MR. HELLMAN: Yes, the government does agree. And I
7 can make a venue proffer if the court would like me to do that
8 now or I can do that after.

9 THE COURT: I'm sorry, a what proffer?

10 MR. HELLMAN: A venue proffer.

11 THE COURT: Okay. Thank you.

12 MR. HELLMAN: The defendant was brought, first, from
13 Panama City, Panama, to White Plains, New York, which is in the
14 Southern District of New York.

15 THE COURT: Thank you.

16 Ms. Shroff, do you agree there is a sufficient factual
17 predicate for a plea of guilty?

18 MS. SHROFF: I do, your Honor.

19 THE COURT: And do you know of any reason, Ms. Shroff,
20 I should not accept this plea?

21 MS. SHROFF: I do not know of any such reason, your
22 Honor.

23 THE COURT: Thank you.

24 So, Mr. Vasquez, since you acknowledge that you are in
25 fact guilty as charged in Count One, since I am satisfied that

1   you know of your rights, including your right to go to trial,
2   and that you are aware of the consequences of your plea,
3   including the sentence that may be imposed, and since I find
4   you are voluntarily pleading guilty, I accept your plea and
5   enter a judgment of guilty on Count One.
6             At some point here the probation department is going
7   to want to interview you.  If you speak with them, make sure
8   anything you say is truthful and accurate.  They prepare a
9   report, and that report is important to me in deciding what
10  sentence to impose.  You read it with care, too.  If you see
11  any errors in it, point those errors out to your attorney
12  before sentence.  Will you do that?
13            THE DEFENDANT:  Yes, your Honor.
14            THE COURT:  You may be seated.
15            Ms. Shroff, can you arrange for the defendant -- well,
16  can you cooperate with the probation department so your client
17  can be interviewed within the next two weeks?
18            MS. SHROFF:  Your Honor, I informed Ms. Rojas, and I
19  will do my utmost to try and do that, but I'm on at least a
20  four-week long trial.  I'm in week two of four weeks, I think,
21  and if I could just in this one instance have a slightly longer
22  window, I would really appreciate that.  If not, then I will of
23  course comply with the court's order.
24            THE COURT:  Well, why don't we tack on an additional
25  week here, Ms. Rojas.

k2e2VasP  kjc

1           THE DEPUTY CLERK:  Sentencing is set for June 5 at 2
2  p.m., any defense submissions will be due May 22.  Government's
3  response due May 29.
4           THE COURT:  Mr. Hellman, is there anything further we
5  need to do?
6           MR. HELLMAN:  I don't believe so.
7           THE COURT:  Ms. Shroff.
8           MS. SHROFF:  No, your Honor.  Thank you.
9           THE COURT:  Thank you.
10                              oOo
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25